**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| RAYVON RUTHERFORD and REGINALD GALLMAN | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) No. 18 CV 10706 <br> ) (KMK)(AEK) <br> ) |
| DET. CAMILO R. ANTONINI, Badge No. D111, *et al*, | ) <br> ) |
| Defendants. | ) |

_____

**DECLARATION OF KAREN A. NEWIRTH, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

I, KAREN A. NEWIRTH, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am counsel to the law firm of Loevy & Loevy, attorneys for Plaintiffs Rayvon Rutherford and Reginald Gallman. I make this Declaration in support of Plaintiffs' motion for leave to file a second amended complaint (the "Motion").

2. Annexed hereto as Exhibit A is a true and correct copy of the Proposed Second Amended Complaint.

3. The Proposed Second Amended Complaint seeks to clarify and properly plead claims which Plaintiffs sought, when proceeding *pro se*, to make in their original complaint and their first amended complaint (filed as of right).

4. The Proposed Second Amended Complaint contains additional facts necessary to make out the claims alleged, conforms the pleading to the Federal Rules of Civil Procedure, specifies

the legal bases for the claims the Plaintiffs previously asserted, adds a single new cause of action, and adds new proposed defendants who are all employees of the Mount Vernon Police Department.

5. In their original complaint and First Amended Complaint, Plaintiffs asserted claims "surrounding excessive force, assault and battery, false imprisonment/false arrest, negligent and/or intentional infliction of emotional distress, inadequate supervision and 1983 claim for municipal liability . . . fourth amendment claim for unreasonable search and seizure, sexual abuse and sodomy, and malicious prosecution." (ECF 1 and ECF 21 at 5)

6. The Proposed Second Amended Complaint eliminates the claims of negligent and/or intentional inflection of emotional distress; assault and battery; and sexual abuse and sodomy; formally pleads the claims relating to "inadequate supervision and 1983 claim for municipal liability" as separate claims of failure to intervene, *Monell*, and supervisory liability (*see* Exh. A, Counts VI, VII, and VIII); and adds a related claim for a violation of the right to fair trial (*see* Exh. A, Count V).

7. The Proposed Second Amended Complaint also adds parties: proposed new defendants Brianna M. Mecca, Kenneth Bruce, Delfin Ferreira, Joshua D. Howard, Patrick King, Peter Vitelli, Jesus Garcia, Osvaldo Medina, Joseph B. Valente, Police Commissioner Shawn Harris, Police Commissioner Glenn Scott, and Unknown Mount Vernon Police Department Employees and Officers.

8. Proposed new Defendants Mecca, Bruce, Ferreira, Howard, King, Vitelli, Garcia, Medina, and Valente were MVPD officers present at the time of the execution of the search warrant at issue in the case. Defendant Mecca conducted the strip and body cavity search of Ms. Campbell.

9. Proposed new Defendants Harris and Scott were MVPD decision makers with supervisory authority over the Defendant Officers and proposed defendants.

10. Prior to making the instant motion, on December 14, 2020, I provided a draft of the Proposed Second Amended Complaint to counsel for Defendants. Counsel for Defendants advised me on December 21, 2020 that they would not consent to the filing of the Proposed Second Amended Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: January 11, 2021

                                        ____/s/ Karen A. Newirth_____
                                            Karen A. Newirth