UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RAYVON RUTHERFORD AND REGINALD GALLMAN,

                      Plaintiffs,

    -against-

DET. CAMILO R. ANTONINI, Badge No. D111;
DET. SGT. SEAN J. FEGAN, Badge No. DS001;
P.O. ROBERT G. PUFF, Badge No. 2154,
THE CITY OF MOUNT VERNON, POLICE OFFICER
BRIANNA M. MECCA, Badge No. 2177; DET.
KENNETH BRUCE, Shield No. D126; P.O.
DELFIM FERREIRA, Shield No. 2078; P.O.
JOSHUA D. HOWARD, Shield No. C2164; P.O.
PATRICK KING, Shield No. 22113; DET. PETER
VITELLI, Shield No. D2055; DET. JESUS GARCIA,
Shield No. D161; DET. OSVALDO MEDINA,
Shield No. D170; P.O. JOSEPH B. VALENTE,
Shield No. 2059,

                      Defendants.
------------------------------------------------------------------------X

**18-CV-10706 (AEK)**

**ANSWER TO SECOND AMENDED COMPLAINT**

*Jury Trial Demanded*

Defendants, DET. CAMILO ANTONINI, DET. SGT. SEAN J. FEGAN, P.O. ROBERT PUFF, THE CITY OF MOUNT VERNON, POLICE OFFICER BRIANNA MECCA, DET. KENNETH BRUCE, P.O. DELFIM FERREIRA, P.O. JOSHUA HOWARD, P.O. PATRICK KING, DET. PETER VITELLI, DET. JESUS GARCIA, DET OSVALDO MEDINA, and P.O. JOSEPH VALENTE ("Defendants"), by their attorneys, The Quinn Law Firm PLLC, for their Answer to Plaintiffs' Second Amended Complaint (the "Complaint"), respectfully allege, upon information and belief, as follows:

## Introduction

1. Deny the allegations set forth in paragraph "1" of the Complaint.

2. Deny the allegations set forth in paragraph "2" of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, and respectfully refer all questions of law to the Court.

4. Deny the allegations set forth in paragraph "4" of the Complaint.

5. Deny the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admit only that Plaintiffs purport to proceed as stated therein, and respectfully refer all questions of law to the Court.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit only that Plaintiffs purport to proceed as stated therein, and respectfully refer all questions of law to the Court.

## Jurisdiction and Venue

10. Deny the allegations set forth in paragraph "10" of the Complaint, and respectfully refer all questions of law to the Court.

11. Deny the allegations set forth in paragraph "11" of the Complaint, and respectfully refer all questions of law to the Court.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Plaintiffs purport to lay venue as stated therein.

## Parties

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Admit the allegations set forth in paragraph "15" of the Complaint.

16. Admit the allegations set forth in paragraph "16" of the Complaint.

17. Admit the allegations set forth in paragraph "17" of the Complaint.

18. Admit the allegations set forth in paragraph "18" of the Complaint.

19. Admit the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that at the time of the underlying incident, Officer Delfim Ferreira was a duly sworn police officer of the MVPD and was acting under the color of state law and within the scope of his employment as a Mount Vernon police officer.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that at the time of the underlying incident, Officer Joshua Howard was a duly sworn police officer of the MVPD and was acting under the color of state law and within the scope of his employment as a Mount Vernon police officer.

22. Admit the allegations set forth in paragraph "22" of the Complaint.

23. Admit the allegations set forth in paragraph "23" of the Complaint.

24. Admit the allegations set forth in paragraph "24" of the Complaint.

25. Admit the allegations set forth in paragraph "25" of the Complaint.

26. Admit the allegations set forth in paragraph "26" of the Complaint.

27. Admit the allegations set forth in paragraph "27" of the Complaint.

28. Admit the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit only that plaintiff purports to proceed as stated therein.

30. Admit the allegations set forth in paragraph "30" of the Complaint.

31. Admit the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, except admit only that on the night of March 31, 2017, members of the Mount Vernon Police Department Narcotics Unit executed a search warrant or search warrants at 145 South Avenue, apartments 5D and 5E, in Mount Vernon, New York.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint, except admit only that on March 31, 2017, sometime after 10:30 pm, members of the MVPD Narcotics Unit entered the apartment.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint, except admit only that Plaintiffs were handcuffed.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit only that Defendant Fegan held the rank of Detective Sergeant and was the highest ranking officer on the scene.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint, except deny that Defendant officers conducted body cavity searches of the occupants of the apartment.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint, except deny that Defendant officers conducted body cavity searches of the occupants of the apartment.

41. Deny the allegations set forth in paragraph "41" of the Complaint, except admit only that Defendant Mecca filled out a supplemental report and that she testified that Defendant Antonini directed her to search Michelle Campbell.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint, except admit only that Defendant Fegan held the rank of Detective Sergeant and was the highest ranking officer on the scene.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit only that Defendant Officers asked Mr. Gallman whether he had any drugs or weapons.

50. Deny the allegations set forth in paragraph "50" of the Complaint, except admit only that Mr. Gallman was strip searched and the audio search was recorded by a camera.

51. Deny the allegations set forth in paragraph "51" of the Complaint, except admit only that no drugs or weapons were found on Mr. Gallman's person.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint, except admit only that Defendant Fegan held the rank of Detective Sergeant and was the highest ranking officer on the scene.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint, except admit only that Defendant Mecca was directed to search Ms. Campbell, and that Defendants Fegan and Antonini held the ranks of Detective-Sergeant and Detective.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit only that the occupants of the apartment were arrested and transported to the Mount Vernon Police Department.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit only that Defendant Fegan held the rank of Detective Sergeant and was the highest ranking officer on the scene.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint.

63. Admit the allegations set forth in paragraph "63" of the Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint, except admit only that Defendant Mecca testified that she did not hear Ms. Campbell make any statements prior to entering the bathroom.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint, except admit only that Defendant Fegan was Defendant Antonini's supervisor.

74. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint, except admit only that Mr. Gallman pled guilty to Criminal Possession of a Controlled Substance in the 7th Degree.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint, except admit only that Defendant Antonini arrested Mr. Gallman for possession of cocaine in 2016.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint, except admit only that Mr. Gallman was arrested in connection with a search warrant execution at 145 South First Avenue, Apartment 1D on November 16, 2016.

84. Deny the allegations set forth in paragraph "83" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "75" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint, except admit that Mr. Gallman never worked as a confidential informant for Defendant Antonini.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Admit the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Complaint, except admit only that Plaintiff purports to recite portions of the Mount Vernon Police Department Manual.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Complaint, except admit only that Plaintiff purports to recite portions of the Mount Vernon Police Department Manual.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint, except admit only that Plaintiff purports to describe other lawsuits against the City of Mount Vernon, and further allege that these lawsuits are not relevant to Plaintiff's claims in this lawsuit.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint, except admit only that Plaintiff purports to describe other lawsuits against the City of Mount Vernon, and further allege that these lawsuits are not relevant to Plaintiff's claims in this lawsuit.

105. Deny the characterizations and allegations set forth in paragraph "105" of the Complaint, except admit only the allegation that audio recordings were made by a MVPD officer.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Complaint, except deny that a clear and obvious pattern of misconduct has been demonstrated.

107. Deny the allegations set forth in paragraph "107" of the Complaint, except admit only that Plaintiff purports to recite portions of a news article published by The Gothamist.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Complaint.

109. States that the allegations in paragraph "109" of the Complaint are not averments of fact that require a response.

110. States that the allegations in paragraph "110" of the Complaint are not averments of fact that require a response.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. States that the allegations in paragraph "115" of the Complaint are not averments of fact that require a response.

116. States that the allegations in paragraph "116" of the Complaint are not averments of fact that require a response.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. Deny the allegations set forth in paragraph "118" of the Complaint.

119. Deny the allegations set forth in paragraph "119" of the Complaint.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. Deny the allegations set forth in paragraph "121" of the Complaint.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. Deny the allegations set forth in paragraph "123" of the Complaint, except admit only that Defendants' actions during the underlying arrest and prosecution of Plaintiff were carried out under the color of state law.

124. Deny the allegations set forth in paragraph "106" of the Complaint, except admit only that Defendants' actions during the underlying arrest and prosecution of Plaintiff were carried out in their capacity as police officers and under the color of state law

125. Deny the allegations set forth in paragraph "125" of the Complaint.

126. Deny the allegations set forth in paragraph "126" of the Complaint.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

128. Deny the allegations set forth in paragraph "128" of the Complaint.

129. Deny the allegations set forth in paragraph "129" of the Complaint.

130. Deny the allegations set forth in paragraph "130" of the Complaint.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

132. Deny the allegations set forth in paragraph "132" of the Complaint.

133. Deny the allegations set forth in paragraph "133" of the Complaint.

134. Deny the allegations set forth in paragraph "134" of the Complaint.

135. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Complaint.

136. Deny the allegations set forth in paragraph "136" of the Complaint.

137. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Complaint.

138. Deny the allegations set forth in paragraph "138" of the Complaint.

**Count I – 42 U.S.C. § 1983**
**Fourteenth Amendment/Illegal Search and Seizure**

139. In response to the allegations set forth in paragraph "139" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

140. Deny the allegations set forth in paragraph "140" of the Complaint.

141. Deny the allegations set forth in paragraph "141" of the Complaint.

142. Deny the allegations set forth in paragraph "142" of the Complaint.

143. Deny the allegations set forth in paragraph "143" of the Complaint.

144. Deny the allegations set forth in paragraph "144" of the Complaint.

**Count II – 42 U.S.C. § 1983**
**Excessive Force**

145. In response to the allegations set forth in paragraph "145" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

146. Deny the allegations set forth in paragraph "146" of the Complaint.

147. Deny the allegations set forth in paragraph "147" of the Complaint.

148. Deny the allegations set forth in paragraph "148" of the Complaint.

149. Deny the allegations set forth in paragraph "149" of the Complaint.

**Count III – 42 U.S.C. § 1983**
**False Arrest/Unlawful Imprisonment**

150. In response to the allegations set forth in paragraph "150" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

151. Deny the allegations set forth in paragraph "151" of the Complaint.

152. Deny the allegations set forth in paragraph "152" of the Complaint.

153. Deny the allegations set forth in paragraph "153" of the Complaint.

154. Deny the allegations set forth in paragraph "154" of the Complaint.

155. Deny the allegations set forth in paragraph "155" of the Complaint.

### Count IV - 42 U.S.C. § 1983
### Malicious Prosecution

156. In response to the allegations set forth in paragraph "156" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

157. Deny the allegations set forth in paragraph "157" of the Complaint.

158. Deny the allegations set forth in paragraph "158" of the Complaint.

159. Deny the allegations set forth in paragraph "159" of the Complaint.

160. Deny the allegations set forth in paragraph "160" of the Complaint.

### Count V – 42 U.S.C. § 1983
### Violation of a Right to Fair Trial

161. In response to the allegations set forth in paragraph "161" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

162. Deny the allegations set forth in paragraph "162" of the Complaint.

163. Deny the allegations set forth in paragraph "163" of the Complaint.

164. Deny the allegations set forth in paragraph "164" of the Complaint.

165. Deny the allegations set forth in paragraph "165" of the Complaint.

166. Deny the allegations set forth in paragraph "166" of the Complaint.

### Count VI – 42 U.S.C. §. 1983
### Failure to Intervene

167. In response to the allegations set forth in paragraph "167" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

168. Deny the allegations set forth in paragraph "168" of the Complaint.

169. Deny the allegations set forth in paragraph "169" of the Complaint.

170. Deny the allegations set forth in paragraph "170" of the Complaint.

171. Deny the allegations set forth in paragraph "171" of the Complaint.

172. Deny the allegations set forth in paragraph "172" of the Complaint.

**Count VII – 42 U.S.C. § 1983**
**Section 1983 Monell Claim**

173. In response to the allegations set forth in paragraph "173" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

174. Deny the allegations set forth in paragraph "174" of the Complaint.

175. Deny the allegations set forth in paragraph "175" of the Complaint.

176. Deny the allegations set forth in paragraph "176" of the Complaint.

177. Deny the allegations set forth in paragraph "177" of the Complaint.

178. Deny the allegations set forth in paragraph "178" of the Complaint.

179. Deny the allegations set forth in paragraph "179" of the Complaint.

180. Deny the allegations set forth in paragraph "180" of the Complaint.

181. Deny the allegations set forth in paragraph "181" of the Complaint.

182. Deny the allegations set forth in paragraph "182" of the Complaint.

183. Deny the allegations set forth in paragraph "183" of the Complaint.

**Count VIII- 42 U.S.C. § 1983**
**Supervisory Liability**

184. In response to the allegations set forth in paragraph "184" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

185. Deny the allegations set forth in paragraph "185" of the Complaint.

186. Deny the allegations set forth in paragraph "186" of the Complaint.

## Affirmative Defenses

### As and For a First Affirmative Defense

187. The Complaint fails to state a claim for relief upon which relief may be granted.

### As and For a Second Affirmative Defense

188. Plaintiffs' damages, if any are proven, were not proximately caused by Defendants.

### As and For a Third Affirmative Defense

189. Defendant CITY OF MOUNT VERNON is protected by the doctrine of municipal immunity.

### As and For a Fourth Affirmative Defense

190. In the absence of an underlying constitutional violation, the Section 1983 claims fail as a matter of law.

### As and For a Fifth Affirmative Defense

191. There was no unlawful search or seizure of Plaintiffs.

### As and For a Sixth Affirmative Defense

192. There was no false arrest or unlawful imprisonment of Plaintiff Rutherford.

### As and For a Seventh Affirmative Defense

193. There was no malicious prosecution of Plaintiff Rutherford.

### As and For an Eighth Affirmative Defense

194. There was no excessive force used against Plaintiffs.

### As and For a Ninth Affirmative Defense

195. There was no violation of Plaintiff Rutherford's right to a fair trial.

### As and For a Tenth Affirmative Defense

196. In the absence of an underlying constitutional violation, any municipal liability claim against Defendant CITY OF MOUNT VERNON fails as a matter of law.

### As and For an Eleventh Affirmative Defense

197. Any municipal liability claim against Defendant CITY OF MOUNT VERNON fails as a matter of law because no custom, policy or practice of the CITY OF MOUNT VERNON- or failure to adopt any custom, policy or practice- proximately caused Plaintiff's alleged injuries.

### As and For a Twelfth Affirmative Defense

198. Punitive damages are not available against Defendant CITY OF MOUNT VERNON.

### As and For a Thirteenth Affirmative Defense

199. At all times relevant hereto, Defendants acted in good faith and took appropriate action in the discharge of their official duties.

### As and For a Fourteenth Affirmative Defense

200. Any injuries alleged to have been sustained by Plaintiffs resulted from the culpable or negligent conduct of others and were not the proximate result of any act of Defendants.

### As and For a Fifteenth Affirmative Defense

201. Any injuries alleged to have been sustained by Plaintiffs resulted from the culpable or negligent conduct of Plaintiffs and were not the proximate result of any act of Defendants.

### As and For a Sixteenth Affirmative Defense

202. Defendants have not violated Plaintiff's constitutional, human, or statutory rights.

### As and For a Seventeenth Affirmative Defense

203. Any and all officers named in this suit are protected by the doctrine of qualified immunity.

### As and For an Eighteenth Affirmative Defense

204. Plaintiffs failed to mitigate their alleged damages.

### As and for a Nineteenth Affirmative Defense

205. The Complaint does not comport with the pleading requirements set forth in Federal Rule of Civil Procedure 8(d)(1).

**WHEREFORE,** Defendants, DET. CAMILO ANTONINI, DET. SGT. SEAN J. FEGAN, P.O. ROBERT PUFF, THE CITY OF MOUNT VERNON, POLICE OFFICER BRIANNA MECCA, DET. KENNETH BRUCE, P.O. DELFIM FERREIRA, P.O. JOSHUA HOWARD, P.O. PATRICK KING, DET. PETER VITELLI, DET. JESUS GARCIA, DET OSVALDO MEDINA, and P.O. JOSEPH VALENTE, demand judgment:

I. Dismissing the Complaint in its entirety with prejudice;

II. An order awarding Defendants the costs, disbursements, expenses and reasonable attorney's fees incurred in defending this action and such other relief as this Court may deem just and proper.

Dated: White Plains, New York
April 26, 2021

                                                Respectfully submitted,

                                                THE QUINN LAW FIRM

                                 By:     *Andrew C. Quinn*
                                                _____
                                                Andrew C. Quinn, Esq.
                                                399 Knollwood Road, Suite 220
                                                White Plains, New York 10603
                                                Tel: (914) 997-0555
                                                Fax: (914) 997-0550

TO:     *Via ECF*
          Karen Newirth, Esq.