# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Rutherford & Gallman, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 18-cv-10706-AEK |
| | ) | |
| v. | ) | Hon. Andrew E. Krause |
| | ) | United States Magistrate Judge |
| City of Mt. Vernon, *et al.*, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE *MONELL* CLAIMS FOR PURPOSES OF TRIAL

Jarrett Adams
LAW OFFICES OF JARRETT ADAMS
40 Fulton St, Fl. 17
New York, NY 10038
(646) 880-9707

Heather Lewis Donnell
Tara Thompson
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, Illinois 60607
(312) 243-5900

## TABLE OF CONTENTS

I.      TABLE OF AUTHORITIES.........................................................................................i

II.     Introduction..........................................................................................................1

III.    Background Facts..................................................................................................2

IV.     Legal Standard ....................................................................................................3

V.      Argument .............................................................................................................3

    A.  Courts in this Circuit Frequently Hold *Monell* Trials Together with the Underlying
       Claims ...........................................................................................................3

    B.  Plaintiffs Can Prevail Against the City Even if Individual Officers are Not Liable...........5

    C.  The Individual Defendants Will Not Be *Unfairly* Prejudiced by a Unified Trial ...............8

       1.  Evidence of the City's Strip Search Official Policies and Defendants' Regular Use
          of Strip Searches in the Field Will be Part of the Trial Even if the *Monell* Claim is
          Bifurcated .................................................................................................9

       2.  Evidence of Individual Defendants' Training or Lack Thereof Will be Part of the
          Trial ......................................................................................................10

       3.  Evidence of Individual Defendants' Other Unlawful Strip Searches is Admissible
          Evidence of Their Own Disciplinary Histories as well as Admissible Evidence to
          Demonstrate Motive and Lack of Mistake............................................................10

       4.  Any Potential Unfair Prejudice can be Cured by Jury Instructions ......................11

    D.  Concerns for Efficiency and Conservation of Resources Weigh
       in Favor of a Single Trial .................................................................................12

    E.  Plaintiffs Will be Prejudiced by the City's "Empty Chair" at Trial ..................................13

    F.  Plaintiffs' *Monell* Claim Serves Important Social Goals and is Not
       Merely "Academic" .........................................................................................13

VI.     Conclusion .........................................................................................................14

# **TABLE OF AUTHORITIES**

<u>Cases</u>

*Ambrose v. City of New York*, 623 F. Supp. 2d 454 (S.D.N.Y. 2009) ............................................4

*Askins v. Doe No. 1*, 727 F.3d 248 (2d Cir. 2013).................................................................6, 8

*Barrett v. Orange Cty. Hum. Rts. Comm'n*, 194 F.3d 341 (2d Cir. 1999) ...................................6

*Bonilla v. Jaronczyk*, 354 F. App'x 579 (2d Cir. 2009).................................................................7

*Brown v. City of New York*, 798 F.3d 94 (2d Cir. 2015) .................................................................9

*Buscemi v. Pepsico, Inc*., 736 F. Supp. 1267 (S.D.N.Y. 1990).......................................................3

*Chlopek et al. v. Federal Insurance Company*, 499 F.3d 692 (7th Cir. 2007) ...............................14

*City of Riverside v. Rivera*, 477 U.S. 561 (1986).........................................................................14

*Dallas v. Goldberg*, 143 F. Supp. 2d 312 (S.D.N.Y. 2001) ...........................................................3

*DeVito v. Barrant*, No. 03-CV-1927 DLI RLM, 2005 WL 2033722,
(E.D.N.Y. Aug. 23, 2005) ............................................................................................................4

*Fleming v. City of New York*, No. 18CV4866GBDJW, 2023 WL 1861223
(S.D.N.Y. Feb. 9, 2023) ...............................................................................................................5

*Giles v. City of Chicago*, 2013 WL 512683, (N.D. Ill. Dec. 6, 2013)...........................................14

*Gogol v. City of New York*, No. 15 CIV. 5703 (ER), 2018 WL 4616047
(S.D.N.Y. Sept. 26, 2018) .............................................................................................................9

*Golodner v. City of New London*, 443 F. App'x 622 (2d Cir. 2011) ..............................................6

*Houseman v. U.S. Aviation*, 171 F.3d 1117 (7th Cir. 1999) .....................................................9, 14

*Ingles v. City of New York*, No. 01 Civ. 8279(DC), 2005 WL 1354028,
(S.D.N.Y. June 7, 2005) ................................................................................................................4

*Jeanty v. County of Orange*, 379 F. Supp. 2d 533 (S.D.N.Y. 2005) .............................................4

*Jones v. Town of E. Haven*, 691 F.3d 72 (2d Cir. 2012)................................................................6

*Kercado-Clymer v. City of Amsterdam*, No. CIV 6:07-cv-86 CBK, 2010 WL 5185819 (N.D.N.Y.
Dec. 13, 2010) ...............................................................................................................................5

i

*Kistner v. City of Buffalo*, 18-CV-402-LJV-JJM, 2023 WL 21219, (W.D.N.Y. Jan. 3, 2023) .......4

*Lee v. City of Syracuse*, 446 F. App'x 319 (2d Cir. 2011)................................................................6

*Lewis v. City of Albany Police Dept.*, 547 F.Supp.2d 191 (N.D.N.Y. 2008) ................................5

*McCoy v. City of New York*, No. CV 07-4143(RJD)(JO), 2008 WL 3884388, (E.D.N.Y. Aug. 13, 2008) .. ...............................................................................................................................................4

*Mineo v. City of New York*, No. 09-CV-2261 RRM MDG, 2013 WL 1334322, (E.D.N.Y. Mar. 29, 2013) ...............................................................................................................................................3

*Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) ............ *passim*

*Roe v. City of Waterbury*, 542 F.3d 31 (2d Cir. 2008)....................................................................8

*Rosa v. Town of East Hartford*, No. 3:00CV1367 (AHN), 2005 WL 752206, (D. Conn. Mar. 31, 2005) ...............................................................................................................................................4

*Schoolcraft v. City of New York*, 133 F.Supp.3d 563 (S.D.N.Y. Sept. 18, 2015)...........................4

*Small v. City of New York*, No. 09-CV-1912 (RA), 2022 WL 1261739, (S.D.N.Y. Apr. 28, 2022)................................................................................................ *passim*

*U. S. Gypsum Co. v. Schiavo Bros.*, 668 F.2d 172 (3d Cir. 1981) .................................................9

*United States v. Williams*, 690 F.3d 70 (2d Cir. 2012) ........................................................7, 9, 11

*Vichare v. AMBAC Inc.*, 106 F.3d 457 (2d Cir. 1996) .................................................................3, 7

*Wiggins v. Burge*, 173 F.R.D. 226 (N.D. Ill. 1997) ......................................................................13

*Zellner v. Summerlin*, 494 F.3d 344 (2d Cir. 2007)........................................................................5

Statues

Federal Practice and Procedure § 2388 (1971) ..............................................................................3

## Introduction

Plaintiffs Reginald Gallman and Rayvon Rutherford ("Plaintiffs") filed their complaint *pro se* on November 13, 2018. Dkt. 3. After Plaintiffs eventually obtained counsel, and after extensive discovery, the case is set for trial the week of January 22, 2024. Defendants Sean Fegan, Camilo Antonini, Robert Puff, Peter Vitelli, Joseph Valente and Brianna Mecca (collectively "Individual Defendants"), along with Defendant City of Mount Vernon ("City") moved to sever the *Monell* claim from the trial claiming unfair prejudice to the Individual Defendants if the claims are tried together and wasteful expenditure of the Court's and the parties' resources. Dkt. 202. As set forth below, the trial can be completed in the time the Court has allocated, including the *Monell* evidence, because most of the evidence would be admissible in a trial with only the claims against the Individual Officers. Moreover, the evidence Defendants complain is unfairly prejudicial primarily consists of the Individual Defendants' own disciplinary records related to prior complaints of unlawful strip searches, their training (or lack thereof) related to conducting strip searches, as well as the City's formal policies. In other words, the inclusion of the *Monell* evidence may be prejudicial to the Defendants, but it is not unfairly prejudicial. To the extent certain evidence is a concern, the Court can instruct the jury on the proper limits for consideration of such evidence—namely that it is evidence Plaintiffs will need to elicit to demonstrate notice to the City of its widespread practice.

Furthermore, bifurcation would not serve the purposes of Federal Rule of Civil Procedure 42(b). It is presumed that all claims in a case be tried together. Separate trials should be rare and be conducted only if doing so serves the purposes of convenience and judicial economy. Here, the opposite is true. Conducting a separate trial on Plaintiffs' *Monell* claim would be inefficient due to the considerable overlap of facts relevant to all claims. In addition, bifurcation would be inconvenient for the Court, the jury, and the parties. There also is the risk that two separate juries

would need to be empaneled.  To serve the purposes of judicial economy and convenience,

Plaintiffs respectfully request that the Court deny the Defendants' motion to bifurcate trial on the

*Monell* claim from the scheduled trial set to commence on January 22, 2024.

### Background Facts

Plaintiffs have alleged that Defendants violated their constitutional rights to be free from

unreasonable searches and unlawful arrests during Individual Defendants execution of a warrant

on March 31, 2017. Plaintiffs also allege that the City was the moving force behind the

Defendants' violations because of its widespread practice of condoning its officers to conduct

strip searches on members of the City of Mount Vernon, its failure to train its officers on how to

conduct lawful searches, as well as its failure to properly investigate and discipline officers who

had been accused of conducting unlawful strip searches.  The Court is familiar with the facts of

this case as set forth in its opinion denying the Defendants' motion for summary judgment. *See*

*generally* Court's Summary Judgment Order, Dkt. 197.

Specifically relevant to the Defendants' pending motion, the Court found that Plaintiffs

had put forth sufficient evidence for a jury to find that the City was liable under *Monell v.*

*Department of Social Services of City of New York*, 436 U.S. 658 (1978). On that score, the Court

determined that all of Plaintiffs' *Monell* theories of liability could proceed to trial, including "(1)

that the MVPD had a widespread practice of conducting illegal strip searches; and (2) that the

MVPD failed to train, investigate, and supervise its employees." Dkt. 197 at 46. As the Court

summarized, "[b]ased on the significant number of civilian complaints alleging similar conduct

against MVPD Narcotics Unit officers, evidence that the MVPD's investigations into those

complaints were insufficient, and admissions by multiple MVPD officers of an overbroad and

inaccurate understanding of when it was permissible to conduct strip searches, a reasonable jury

could conclude that the MVPD had a widespread practice of conducting strip and body cavity

searches that did not comport with acceptable police practices." Dkt. 197 at 53. After conducting

fact and expert discovery and surviving a motion for summary judgment, Plaintiffs are ready and

prepared to present this evidence to the jury this January.

## Legal Standard

Federal Rule of Civil Procedure 42(b) provides courts broad discretion to conduct

separate trials to "avoid prejudice" or to address concerns of efficiency. Fed. R. Civ. P. 42(b); *see*

*also Vichare v. AMBAC Inc*., 106 F.3d 457, 466 (2d Cir. 1996) ("The interests served by

bifurcated trials are convenience, negation of prejudice, and judicial efficiency."). However, "for

reasons of efficient judicial administration courts favor having only one trial whenever possible."

*Buscemi v. Pepsico, Inc*., 736 F. Supp. 1267, 1271 (S.D.N.Y. 1990). Accordingly, "the party

moving for a separate trial has the burden of showing that this is necessary to prevent prejudice

or confusion, and to serve the ends of justice." *Id.* at 1271-72 (citing C. Wright & A. Miller,

Federal Practice and Procedure § 2388 (1971)). Although it occurs with some frequency,

"bifurcation remains the exception rather than the rule." *Dallas v. Goldberg*, 143 F. Supp. 2d 312,

315 (S.D.N.Y. 2001), *opinion modified on denial of reconsideration*, No. 95 CIV. 9076(LTS)(RL,

2002 WL 1013291 (S.D.N.Y. May 20, 2002); *see also* FED. R. CIV. P. 42(b), advisory cmts.

## Argument

### A.  Courts in this Circuit Frequently Hold *Monell* Trials With the Underlying Claims

Defendants cite some authority for the proposition that courts in this Circuit "favor

bifurcating *Monell*" claims at trial. *See, e.g.*, Dkt. 202 at 4 (quoting *Mineo v. City of New York*,

No. 09-CV-2261 RRM MDG, 2013 WL 1334322, at *1 (E.D.N.Y. Mar. 29, 2013)). And, while

there are certainly courts that grant motions to bifurcate, it is equally true that numerous courts

within the Circuit have held that *Monell* claims can be tried in a single trial rejecting the notion

that *Monell* claims must necessarily be bifurcated. *See, e.g.*, *Small v. City of New York*, No. 09-

3

CV-1912 (RA), 2022 WL 1261739, at *12 (S.D.N.Y. Apr. 28, 2022) (denying motion to bifurcate the *Monell* claim from a trial where the plaintiff's "*Monell* claim was premised on the City's unconstitutional failure to implement a policy and/or train its officers to protect pretrial detainees from a known threat of gang violence."); *McCoy v. City of New York*, No. CV 07-4143(RJD)(JO), 2008 WL 3884388, at **1-3 (E.D.N.Y. Aug. 13, 2008) (denying motion to bifurcate trial because *Monell* liability may be exist even without individual liability); *Ambrose v. City of New York*, 623 F.Supp.2d 454, 479-480 (S.D.N.Y. 2009) (denying motion to bifurcate because prejudice to individual defendants can be addressed by limiting instructions and because separate trials would be inefficient and inconvenient for the court, the jury, and the plaintiff); *Jeanty v. County of Orange*, 379 F.Supp.2d 533, 549-550 (S.D.N.Y. 2005) (denying motion to bifurcate because any prejudice can be cured with jury instructions and because bifurcation would not serve judicial convenience or economy); *Kistner v. City of Buffalo*, 18-CV-402-LJV-JJM, 2023 WL 21219, at **4-5 (W.D.N.Y. Jan. 3, 2023) (denying motion to bifurcate *Monell* claims because separate trials "would be inconvenient and inefficient"); *DeVito v. Barrant*, No. 03-CV-1927 DLI RLM, 2005 WL 2033722, at **10-11 (E.D.N.Y. Aug. 23, 2005) (denying motion to bifurcate *Monell* claims due to risk of having to empanel two different juries); *Ingles v. City of New York*, No. 01 Civ. 8279(DC), 2005 WL 1354028, at **1-2 (S.D.N.Y. June 7, 2005) (denying motion to bifurcate *Monell* claims because doing so "would frustrate Rule 42(b)'s goals of efficiency, convenience, and the avoidance of prejudice"); *Rosa v. Town of East Hartford*, No. 3:00CV1367 (AHN), 2005 WL 752206, at **4-5 (D. Conn. Mar. 31, 2005) (denying motion to bifurcate the *Monell* claim because conducting separate trials would be inefficient and inconvenient); *Schoolcraft v. City of New York*, 133 F.Supp.3d 563, 571 (S.D.N.Y. Sept. 18, 2015) (denying motion to bifurcate trial on the *Monell* claims due to a significant overlap of

evidence and because prejudice can be mitigated through jury instructions); *Kercado-Clymer v. City of Amsterdam*, No. CIV 6:07-cv-86 CBK, 2010 WL 5185819, at **4-5 (N.D.N.Y. Dec. 13, 2010) (denying motion to bifurcate *Monell* claim because none of the purposes of Rule 42(b) would be served); and *Lewis v. City of Albany Police Dept.*, 547 F.Supp.2d 191, 202 (N.D.N.Y. 2008) (recognizing the presumption that claims be tried together and rejecting defendants' claim that the denial of a motion to bifurcate *Monell* claims was in error because trying all claims together served the purposes of convenience and judicial economy). Accordingly, the Court should use its discretion to apply the relevant factors to this trial, and, as set forth below, deny the Defendants' motion.

**B.  Plaintiffs Can Prevail Against the City Even if Individual Officers are Not Liable**

To begin, Defendants wrongly contend that Plaintiffs can only prevail against the City if the jury first finds one of the Individual Defendants liable for violating their constitutional rights. Dkt. 202 at 14.[1] Defendants are wrong for at least two reasons. First, Defendants seek to avail themselves of cloak of qualified immunity. Dkt. 202 at 6. Second, Plaintiffs' *Monell* theories include a theory of liability that the City failed to properly train its officers on lawful strip searches, investigate or discipline its officers accused of conducting unlawful strip searches.[2] Dkt. 197 at 46-63. Both of these reasons permit situations where a verdict in Plaintiffs' favor is possible even if the Individual Officers are found not liable through immunity or otherwise. *Small*, 2022 WL 1261739, at *12; *see also Fleming v. City of New York*, No. 18CV4866GBDJW,

---

[1]      Plaintiffs' citations to the Defendants' Memorandum of Law and other filings cited herein are to the ECF page number generated by the Court's ECF Filing system.

[2]      Defendants have listed their ability to avail themselves of a qualified immunity defense as issues for the jury to decide at trial. Dkt. 202 at 6. While Plaintiffs disagree that the jury is tasked with making the legal determination because the Court must decide the ultimate question of Defendants' affirmative defense, *Zellner v. Summerlin*, 494 F.3d 344, 367 (2d Cir. 2007) Plaintiffs note this portion of Defendants' brief as evidence that they seek to avail themselves of this defense to the extent that this case qualifies as one of the exceptions to bifurcation as it is possible to not have a defendant liable but a violation for *Monell* liability to attach.

5

2023 WL 1861223, at *2 (S.D.N.Y. Feb. 9, 2023) (denying motion to bifurcate *Monell* discovery in case involving use of excessive force on detainees at Rikers Island where plaintiff could prevail against City of New York if individual officers had qualified immunity and/or had dismissed or settled).

Taking a step back, a plaintiff can establish municipal liability under *Monell* if the plaintiff can demonstrate that she "suffered a tort in violation of federal law committed by the municipal actors and, in addition, that their commission of the tort resulted from a custom or policy of the municipality." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013) (citing *Monell*, 436 U.S. at 690–91 and *Jones v. Town of E. Haven,* 691 F.3d 72, 80 (2d Cir. 2012)). As the Second Circuit has explained

> It does not follow, however, that the plaintiff must obtain a *judgment* against the individual tortfeasors in order to establish the liability of the municipality. It suffices to plead and prove against the municipality that municipal actors committed the tort against the plaintiff and that the tort resulted from a policy or custom of the municipality. In fact, the plaintiff need not sue the individual tortfeasors at all, but may proceed solely against the municipality.

*Id.* at 253. In other words, "[t]he law does not require the jury to find any of the named defendants liable. Rather, municipal liability can exist 'even in the absence of individual liability' so long as 'the injuries complained of are not *solely* attributable to the actions of named individual defendants.'" *Small*, 2022 WL 1261739, at *12 (quoting in *Barrett v. Orange Cty. Hum. Rts. Comm'n*, 194 F.3d 341, 350 (2d Cir. 1999) (emphasis added)); *Golodner v. City of New London*, 443 F. App'x 622, 625 (2d Cir. 2011) (same); *Id.* (quoting *Lee v. City of Syracuse*, 446 F. App'x 319, 323 (2d Cir. 2011) ("[T]he jury's finding that [the individual defendant] did not violate Lee's constitutional rights does not shield the City from *Monell* liability.")).

The court's decision in *Small* is particularly instructive here. That case involved a trial that involved a detainee's claims that he had been subjected to excessive force while detained at

Rikers Island, along with a *Monell* claim that City of New York "failed to adopt and implement policies, and to train its officers, to protect detainees from a known threat of gang violence." 2022 WL 1261739, at *1. After a five-day trial, the jury returned a verdict in favor of the individual defendants and against the city. *Id.* The court affirmed the verdict, denying the city's motion that the failure to bifurcate the trial was unduly prejudicial. In reaching its conclusion, the court explained that plaintiff's *Monell* claim

> was not derivative of the individual defendants' liability because the injuries complained of were not solely attributable to the acts or omissions of the individual Defendants. Plaintiff's *Monell* claim was premised on the City's unconstitutional failure to implement a policy and/or train its officers to protect pretrial detainees from a known threat of gang violence. The jury was properly instructed that it could only hold the City liable if it found that Plaintiff's constitutional rights were violated either by the individual [D]efendants or by some other City employee or employees . . . and courts "presume that jurors follow their instructions," *United States v. Williams*, 690 F.3d 70, 77 (2d Cir. 2012).

*Small*, 2022 WL 1261739, at *12. Indeed, it is routine for trials to include both corporate and individual defendants, "and juries are frequently tasked with applying different standards to different parties." *Id.* at *13. *See also Vichare v. AMBAC Inc.*, 106 F.3d 457, 466–67 (2d Cir. 1996) (affirming trial court's denial of bifurcation of trial the issues of liability and damages were intertwined, the witnesses were largely the same and inclusion of a breach of fiduciary duty claim as not so "emotionally charged" would necessarily prejudice a party).

The same result should attend here. Plaintiffs have alleged that they were subjected to unlawful strip searches by Defendant Puff and/or Antonini and that the other Defendants failed to intervene to stop the unlawful searches, and with respect to Sgt. Fegan, that he approved and authorized the strip searches. If Defendant Antonini or Puff are entitled to qualified immunity, the City could be liable (if the jury also finds the required elements are proven for *Monell* liability) without liability for any particular Individual Defendant. *Bonilla v. Jaronczyk*, 354 F.

7

App'x 579, 582 (2d Cir. 2009) (qualified immunity is one exception to the general rule that failure to find an individual tortfeasor liable is requisite to *Monell* liability).

Defendants attempt to distinguish *Small* is unavailing. Dkt. 202 at 13-14. Defendants argue that *Small* is different because in this case only Defendants Puff and Antonini are alleged to have conducted the unlawful strip search. *Id.* at 14.[3] So, the court in *Small* was able to find that *Monell* liability could attach so long as the jury found the plaintiff's constitutional rights were violated by City employee. *Id.* at 13-14. But, that is just stating the law with respect to *Monell. Askins*, 727 F.3d at 253. *Monell* liability attached if there is an underlying constitutional violation. It does not require a *"judgment"* against an individual defendant. *Id.*

For example, were Plaintiffs to voluntarily dismiss the Individual Defendants from this case, they could proceed against only the City at trial. They would still have to prove that they had been unlawfully strip searched and that the City's practice was the moving force that caused the violation and requisite elements for *Monell* liability[4], but they do not need a judgment against and individual defendant to prevail on their claim against the City. *Id.*

### C. The Individual Defendants Will Not Be *Unfairly* Prejudiced by a Unified Trial

Defendants' argument that they will be prejudiced if the *Monell* claim is included in the same trial primarily relies on their contention that they will be prejudiced by the admission of their own disciplinary histories involving other allegations (including sustained allegations) of

---

[3]      Defendants are wrong that only Defendants Puff and Antonini are individually liable—the claim for an unlawful strip search also exists against Defendant Fegan.

[4]      "In order to prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing Monell, 436 U.S. at 690–91.

unlawful strip searches and other civil lawsuits or civilian complaints, as well as the City's

failure to train, investigate and discipline with respect to unlawful strip searches. Dkt. 202 at 10.

This argument also fails because Defendants claim the evidence may be prejudical (as all

evidence is), but it is not *unfairly* prejudicial, which is the relevant inquiry. *U. S. Gypsum Co. v.*

*Schiavo Bros.*, 668 F.2d 172, 181 (3d Cir. 1981) (explaining that under Rule 42, "[t]he

touchstone, in reviewing bifurcated proceedings, is whether the party bearing the burden of proof

was unfairly prejudiced by the procedures employed."); *Houseman v. U.S. Aviation*, 171 F.3d

1117, 1121 (7th Cir. 1999) (a court must "be satisfied that the decision to bifurcate does not

unfairly prejudice the non-moving party.").

Moreover, the evidence on which Defendants rely for this argument is largely

independently admissible even if the *Monell* claim was bifurcated. Finally, to the extent that

there are issues of potential unfair prejudicial, the Court can fashion instructions to instruct the

jury on the purpose for which evidence may be considered. *Williams*, 690 F.3d at 77. Plaintiffs

anticipate that Defendants may argue that limiting instructions may not be a sufficient remedy,

but juries are presumed to follow such instructions.

1. Evidence of the City's Strip Search Official Policies and Defendants' Regular Use of
   Strip Searches in the Field Will be Part of the Trial Even if the *Monell* Claim is
   Bifurcated

For starters, the City's official strip search policies as well as how the City's officers

utilized strip searches when conducting warrants will be part of the trial as evidence of the

Individual Officer's understanding of the City's policy. *See, e.g.*, *Gogol v. City of New York*, No.

15 CIV. 5703 (ER), 2018 WL 4616047, at *5 (S.D.N.Y. Sept. 26, 2018)  (N.Y.P.D. Patrol Guide

relevant in excessive force cases); *Brown v. City of New York*, 798 F.3d 94, 101 n.11 (2d Cir.

2015)

For example, Plaintiffs will elicit testimony from Defendants Antonini, Puff and Sergeant Fegan about their regular use of strip searches in homes or other locations outside the police headquarters because this evidence makes it more probable than not that they conducted an unlawful and illegal strip search of Plaintiffs on March 31st. In addition, Plaintiffs will elicit Sergeant Fegan's misunderstanding of the law related to strip searches and his belief that he and the officers under his command were authorized to conduct strip searches whenever a magistrate had approved a warrant for a physical premises or individual even if the additional level of suspicion necessary for a strip search was not sought and/or approved in the warrant application. Again, this testimony is relevant because it makes it more probable than not that Defendants unlawfully and without legal justification strip searched Mr. Gallman and Mr. Rutherford on the date in question.

2.   Evidence of Individual Defendants' Training or Lack Thereof Will be Part of the Trial
     Similarly, a trial with only the Individual Defendants will necessarily involve their own training or lack thereof with respect to how and when they were authorized to conduct strip searches. *See, e.g.*, *United States v. Krug*, No. 1:15-CR-00157 RJA, 2019 WL 336568, at *7 (W.D.N.Y. Jan. 28, 2019) ("[T]he Court finds that testimony describing the use of force training provided to defendant is probative of defendant's experience and knowledge at the time of the incidents in question.").

3.   Evidence of Individual Defendants' Other Unlawful Strip Searches is Admissible
     Evidence of Their Own Disciplinary Histories, Motive and Lack of Mistake

Individual Defendants argue that they will also be prejudiced by evidence of their own prior bad acts. Dkt. 202 at 10. Specifically, the Defendants contend they will be prejudiced by evidence of their prior disciplinary files that include prior allegations of unlawful strip searches. *Id.* This argument also fails.

10

First, Plaintiffs will seek to admit this evidence for purposes of demonstrating the Individual Defendants, particularly focused on Defendant Puff's and Atonini's modus operandi, lack of mistake, notice and motive consistent with Rule 404(b). This evidence is also relevant as proof of the City's continued widespread pattern and practice of conducting unlawful strip searches that continued unmitigated by changes to how the City trained, supervised or disciplined its officers who were accused of this type of misconduct.  In other words, this particular evidence and the Defendants' claimed prejudice from it, is not uniquely a *Monell* issue. Therefore, evidence of the Individual Officers' prior similar misconduct should not be factored in favor of bifurcation. This evidence will necessarily be part of the anticipated motions *in limine* regardless of the status of the *Monell* claim.

To the extent the *Monell* evidence includes other acts of the Defendants' own misconduct, or civil suits and civilian complaints by other officers for Plaintiffs to demonstrate the City was on notice of its widespread practice of unlawful strip searches and/or its failure to properly investigate and discipline its officers, the Court can instruct the jury that that this evidence is only for purposes of Plaintiffs' claim against the City.

### 4.  Any Potential Unfair Prejudice can be Cured by Jury Instructions

Finally, the Court can ameliorate any potential prejudice that a particular aspect of the *Monell* evidence by instructing the jury on what it can consider the evidence for in reaching its verdict. *Williams*, 690 F.3d at 77. For example with respect to the particular pieces of evidence potentially at issue that the Defendants raise in their brief, dkt. 202 at 9, the Court could fashion instructions that make clear any prior incidents of civil complaints of unlawful strip searches that were reported to the City and did not involve any Individual Defendants can only be considered for purposes of notice to the City and/or its deliberate indifference. The same is true regarding instructions that the Court can issue to address the proper purposes for which the jury can consider the letter Westchester County District Attorney Miriam Roach sent the City on March

17, 2021, regarding her concern about reports dating back to 2012 of officers conducting strip and body cavity searches. Dkt. 197 at 21.

### D. Concerns for Efficiency and Conservation of Resources Weighs in Favor of a Single Trial

While the Defendants' motion primarily relies on a prejudice argument, they also assert that a single trial will be a "waste" of the Court's and the parties time and resources. Dkt. 202 at 11. However, the main focus of this section is on how, in Defendants' view, Plaintiffs' *Monell* claim is merely "academic" because if they prevail against the Individual Defendants and are awarded damages, the City will indemnify and pay the judgment so there will be no need for the *Monell* claim to be tried. Dkt. 202 at 11. Plaintiffs address this particular argument in Sections E & F below because Plaintiffs' *Monell* claim is more than academic and serves important social goals.

To the extent that the Defendants address the substance of their efficiency argument, they only claim that Plaintiffs will have to call additional fact and an expert witness, which will "add days" to the trial. Dkt. 202 at 12. Defendants exaggerate and they know it. Not only have the parties committed to the allocated timeframe for trial, including the *Monell* claim, but most all of the *Monell* witnesses will be called regardless. For example, Plaintiffs' police practices expert, Craig Miller, has opined on the underlying case as well as the *Monell* claim and so he will be called to testify regardless. Plaintiffs anticipate that the *Monell* claim will add an additional day of testimony to this trial, primarily consisting of additional testimony and Defendants' cross examination of Mr. Miller. Plaintiffs would also anticipate calling some City witnesses, including its Rule 30(b)(6) designee, Roy Hastings and Commissioner Glenn Scott, however, these exams would not be lengthy in duration. Indeed, a single trial is the most efficient way to try and resolve the claims in this case.

**E. Plaintiffs Will be Prejudiced by the City's "Empty Chair" at Trial**

Prejudice will inure to Plaintiffs if the *Monell* claim is bifurcated. That is because Plaintiffs anticipate that the Individual Defendants will likely contend that they did not do anything wrong because they acted consistent with the City's training provided to them and/or they were following their supervising officer's orders to strip search Plaintiffs.

Blaming the proverbial "empty chair" and deflecting responsibility by pointing the finger at a non-party tortfeasor would be unfairly prejudicial here, and should not be permitted. If the *Monell* claim and the evidence is severed from this trial, Plaintiffs will be unfairly prejudiced because they will  not able to respond to evidence and argument that the Individual Officers acted consistent with their training and the City's policies by putting on their *Monell* evidence that the City had a widespread practice of its officers conducing unlawful strip searches, its failure to train its officers, and its failure to investigate and discipline its officers accused of conducing unlawful strip searches. As a result, this jury will only hear a part of that story. Plaintiffs would be unfairly prejudiced if the Defendants were permitted to exploit the gap created by the bifurcation of their *Monell* claims to shift the blame to the City for the unlawful strip searches.

**F. Plaintiffs' *Monell* Claim Serves Important Social Goals and is Not Merely "Academic"**

The heart of Plaintiffs' *Monell* claim pertains to important social issues including the City's use of unconstitutional strip searches of members of the community. How the police treat members of the community and persons suspected of committing crimes is of critical importance to this City and our country, perhaps now more than ever. But even before the current focus on this issue, courts have routinely found that allegations of police misconduct are part of the health and concern of the public and should be exposed. *See, e.g.*, *Wiggins v. Burge*, 173 F.R.D. 226,

230 (N.D. Ill. 1997) ("this Court concludes that the allegations of police misconduct in the disputed documents before the Court must receive public exposure in order to ensure that the significant public interest is served"). *See Giles v. City of Chicago*, 2013 WL 512683, at \*3 n. 1 (N.D. Ill. Dec. 6, 2013) (rejecting the City's proposed certification as an impermissible "attempt[] to circumvent the public policy goals of *Monell* claims by insulating the City from litigating and accepting responsibility if their practices and polices result in constitutional injuries"). *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) (explaining that such actions "seek[] to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms").

It bears reminding that despite the Defendants' proclaimed prejudice in their motion, the legal standard applicable here is whether prejudice will inure to Plaintiffs as "the non-moving part[ies]." *Chlopek*, 499 F.3d at 700; *Houseman v. U.S. Aviation*, 171 F.3d at 1121. Plaintiffs will most certainly be prejudiced if they are unable to put on evidence they have developed that is sufficient to support a jury finding the City liable. Not only does this vindicate Plaintiffs' violation of their constitutional rights but also put this important issue into the public light and allow a cross-section of our society to consider this evidence.

Accordingly, whatever the result of a trial against the Individual Defendants, a trial on Plaintiffs' *Monell* claim is not merely "academic" as Defendants argue.

## Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants' motion to bifurcate their *Monell* claim for trial.

Respectfully submitted,


/s/ Heather Lewis Donnell

Heather Lewis Donnell
Tara Thompson
LOEVY & LOEVY
311 N. Aberdeen Floor 3
Chicago, IL 60607
(312) 243-5900


/s/ Jarrett Adams

Jarrett Adams
The Law Offices of Jarrett Adams
40 Fulton St. Floor 17
New York, NY 10038
(646) 880-9707

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

/s/  Heather Lewis Donnell
Heather Lewis Donnell
One of Plaintiffs' Attorneys

16