UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
RAYVON RUTHERFORD and
REGINALD GALLMAN,

                Plaintiffs,

    -against-                        18 Civ. 10706 (AEK)

CITY OF MOUNT VERNON; P.O. ROBERT G. PUFF, Badge No. 2154; P.O. BRIANNA M. MECCA, Badge No. 2177; P.O. PETERVITELLI, Shield No. 2055; DET. CAMILO R. ANTONINI, Badge No. D111; DET. SGT. SEAN J. FEGAN, Badge No. DS001; and P.O. JOSEPH B. VALENTE, Shield No. 2059,

                Defendants.
------------------------------------------------------------ x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      As discussed in greater detail on the record at the January 11, 2024 final pretrial conference, the Court has issued the following rulings as to the parties' motions *in limine*:

### Plaintiffs' Motions *in Limine*

1. Plaintiffs' motion to preclude the use of evidence of their prior arrests and convictions is GRANTED IN PART and DENIED IN PART.

2. Plaintiffs' motion to preclude the use of evidence of criminal convictions over ten years old and other criminal history of non-party witnesses is DENIED.

3. Plaintiffs' motion to preclude reference to or argument about the concept of a "drug factory," "trap house," or "crack house," or to the apartment where the March 31, 2017 incident took place being in a "drug-infested" neighborhood, is GRANTED IN PART and DENIED IN PART.

4. Plaintiffs' motion to preclude the use of evidence of not known to the defendants at the time of Mr. Rutherford's arrest is GRANTED.

5. Plaintiffs' motion to preclude the use of evidence regarding confidential informants and controlled buys as predicates for the search warrant is GRANTED IN PART and DENIED IN PART.

6. Plaintiffs' motion to preclude Defendants or law enforcement witnesses from wearing dress uniforms or displaying or discussing commendations is GRANTED IN PART and DENIED IN PART.

7. Plaintiffs' motion to preclude Defendants' proposed charges to the jury and special interrogatories or any argument to the jury regarding the application of the doctrine of qualified immunity is GRANTED IN PART. The Court will address the proposed jury charges more comprehensively at the conclusion of the presentation of evidence at trial.

8. Plaintiffs' motion to preclude reference to the fact that Plaintiffs' attorneys are from "out of town" is GRANTED.

9. Plaintiffs' motion to preclude certain testimony from Defendants' police practices expert John Monaghan is GRANTED.

## Defendants' Motion *in Limine*

1. Defendants' motion to exclude testimony and exhibits regarding other investigations regarding the Mount Vernon Police Department is GRANTED IN PART and DENIED IN PART.

2. Defendants' motion to preclude certain expert testimony of Plaintiffs' police practices expert Craig Miller is GRANTED IN PART and DENIED IN PART.

3. Defendants' motion related to certain video evidence is GRANTED.

4. Defendants' motion requesting that the court provide a limiting instruction regarding Plaintiffs' evidence in support of the *Monell* claim is GRANTED.

5. Defendants' motion to preclude Plaintiffs' from entering or using entire deposition transcripts from this case or any other case is GRANTED.

6. Defendants' motion to preclude Plaintiffs' from using expert materials as exhibits is GRANTED IN PART and DENIED IN PART.

7. Defendants' motion to preclude Plaintiffs from using Defendants' Rule 34 discovery pleadings is GRANTED.

8. Defendants' motion to preclude Plaintiffs' from mentioning or introducing evidence of any prior or subsequent complaints, discipline, and prior or pending lawsuits concerning the individual defendants is GRANTED IN PART and DENIED IN PART.

9. Defendants' motion to preclude Plaintiffs from introducing or referencing current events or social theories related to police conduct is GRANTED.

10. Defendants' motion to preclude Plaintiffs from referring to defense counsel as "city attorneys" and from mentioning indemnification by the City of Mount Vernon is GRANTED.

11. Defendants' motion to preclude Plaintiffs from asking for a specific dollar amount from the jury is GRANTED.

12. Defendants' motion to preclude Plaintiff Reginald Gallman from referring to his arrest as "unlawful" is GRANTED.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 212, 214, 215, 216, 217, 218, 219, 220, 221, and 222, consistent with the rulings set forth in this order.

Dated: January 19, 2024
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge